Stanley Matthew NICHOLAS, Daphne Nicholas, Kevin Jude Nicholas, Petitioners,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, and Immigration and Naturalization Service, Respondents.

No. 03–4242–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as a respondent in this case.

David R. Addelman, Addelman & Marszalowski, P.C. Buffalo, New York, for Petitioners.

Edward J. McElroy, United States Attorney, Eastern District of New York; Brandon L. Spurlock, Assistant United States Attorney, Northern District of Illinois (Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois), for Respondents.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be GRANTED and REMANDED to the BIA for further proceedings.

Stanley Nicholas, a native and citizen of Sri Lanka, petitions for review of a BIA order denying his application for asylum and relief under the United Nations Convention Against Torture ("CAT"), adopted, S. Treaty Doc. No. 100–20 (1998), and granting his application for voluntary departure. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

█ This court reviews factual findings, including adverse-credibility determinations, under the substantial-evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005). In the present case, the IJ did not make an explicit finding that Nicholas's testimony lacked credibility, although he found that Nicholas's claims were uncorroborated and concluded that there was "no competent, credible or substantial evidence" of persecution. Even if this conclusion was intended as an adverse-credibility finding, it would be insufficient to support the IJ's denial of Nicholas's asylum application. Although the IJ concluded that Nicholas had failed to present sufficient testimonial and corroborative evidence to establish his claim for asylum relief, the IJ erred in analyzing the evidence submitted in support of Nicholas's asylum claim. Moreover, although the IJ's decision was largely based on Nicholas's lack of corroborating evidence, the IJ failed to properly consider Nicholas's explanation for his failure to provide certain documents, and failed to consider whether the evidence was actually available to Nicholas under the circumstances, as the record shows sufficient evidence corroborating Nicholas's asylum claim.

First, the IJ erred in finding that Nicholas should have provided an original or a certified copy of his travel agency's license, and evidence that he had actually been a

travel agent, to corroborate his claim, and in not giving any weight to Nicholas's explanation for the document's unavailability. Indeed, this court has stated that "even under circumstances where corroboration may reasonably be expected, petitioners may meet their burden of proof by offering a believable and sufficient explanation as to why such corroborating evidence was not presented." *Diallo v. INS*, 232 F.3d 279, 289–90 (2d Cir.2000). Thus, although the IJ may have reasonably requested that Nicholas provide his travel agency's license or that a government-certified copy be presented at the hearing in support of his claim, the IJ erred in failing to weigh Nicholas's reasonable explanation for the absence of the document—that his travel agency had been sealed by the police when he had been arrested, precluding both him and his friends from obtaining the original license, and that he had not obtained a copy of the license from the government before he had left Sri Lanka because he had not wanted to alert the government that he had planned to flee the country. Moreover, while Nicholas did not provide the original SMN agency license, he did submit into evidence a copy of SMN Travel's certificate of incorporation; a picture of Nicholas in a travel office handing a ticket to a customer; and a 1990 Course Record for Nicholas for a course titled "Airline Ticketing and Reservations." These documents, coupled with Nicholas's reasonable explanation of why he was unable to obtain the original or a certified copy of his travel agency's license, were sufficient to corroborate his claim.

Similarly, the IJ also erred in finding that Nicholas's asylum claim failed because he had failed to present corroborating evidence that he had ever been arrested, tortured, or injured by police; that he had sought medical attention for the police-related injuries; or that his father had paid a bribe for his release. As an initial matter, the agency's regulations provide that "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. §§ 208.13(a), 208.16(b). Moreover, Nicholas presented numerous documents which established that the Sri Lankan government frequently engaged in the practices described by Nicholas in his account of his detainment, torture, and arrest. Thus, although Nicholas's testimony could have been sufficient to establish that he had been arrested and tortured, the evidence he submitted regarding the government's practices in targeting Tamils for detention, torture, and disappearances bolstered his claim.

The IJ also cited Nicholas's failure to provide proof that he had been detained and tortured by Sri Lankan police, but failed to consider whether it was reasonable to expect that Nicholas could obtain proof of his detention and torture under the circumstances. *See Diallo*, 232 F.3d at 289–90. Indeed, this Court has held that:

> IJs must "back demands for corroborative evidence with a reasoned explanation ... that responds to evidence of actual conditions in the asylum-seeker's former country of residence" because such explanation "constitutes one small, but crucial defense against potentially mistaken, culturally biased assumptions about the existence and availability of documents."

*Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 405 (2d Cir.2005) (citing *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 154 (2d Cir.2003)). In this case, the IJ's call for Nicholas to corroborate his claim of detention and torture was unreasonable under the circumstances, particularly in light of the 1999 U.S. Department of State Report on Human Rights Practices in Sri Lanka, which made clear that

such detention, arrest, and torture by the police occurred frequently in Sri Lanka at the time.

Moreover, in finding that Nicholas had failed to meet his burden, the IJ cited Nicholas's failure to seek damages against the Sri Lanka police for his alleged detainment and torture and failed to credit Nicholas's explanation for not seeking damages under the circumstances. Indeed, Nicholas testified that few people in Sri Lanka pursued damages against the police for illegal detainment and torture, an assertion supported by the 1999 U.S. Department of State Report on Human Rights Practices in Sri Lanka. Thus, the IJ erred in failing to credit Nicholas's explanation, supported by the 1999 country report, for his failure to seek damages for his detention and torture.

Finally, the IJ found that neither Nicholas's nor his wife's family had been hurt or harmed by the government or the Liberation Tigers of Tamil Ealam ("LTTE") despite evidence in the record to the contrary. In Nicholas's application, he asserted that, on November 7, 1994, after he had gone into hiding, a Tamil man came to his parents' house looking for him, assaulted his father when he did not tell him where Nicholas was, and threatened to kill Nicholas for providing the government's Criminal Investigation Department ("CID") with certain information. Nicholas testified at the hearing that his brother had been detained and interrogated by police in October 1994 after an LTTE bombing in Colombo because the police had believed that he was Nicholas; that police officials had come to his parents' home on at least three occasions to look for Nicholas in January 1995 and harassed his father about his whereabouts; that on at least one occasion an LLTE member had come to his parents' home to look for him, harassed his father, and threatened both Nicholas and

his father for being "Tamil traitors"; that his parents had moved out of Colombo to avoid harassment by the police and the LTTE; and that the police had come to his parents' new home to look for him. Nicholas also testified that his wife had been pregnant in 1994 when they had fled Sri Lanka and that she had a miscarriage, which they attributed to the stress from their flight from Sri Lanka. Moreover, two letters to Nicholas from his father that were submitted into evidence support Nicholas's version of events—mainly, that the CID came to their home on three occasions in January 1995 looking for Nicholas, that two LTTE members had come to their home that month also searching for Nicholas, that Nicholas's father had Nicholas's mother sell their house and move far away from Colombo, and that Nicholas's brother had been questioned by the CID about an LTTE bombing. Because the IJ incorrectly analyzed the evidence when he concluded that Nicholas failed to assert that his family had been harmed by either government officials or the LTTE, the IJ erred in relying on this conclusion in denying Nicholas's application.

For the foregoing reasons, Nicholas's petition is GRANTED and REMANDED to the BIA for further proceedings. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).